IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CAROL J. BRUCKER, | ) | |
| | ) | No. 35355-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PASCO SCHOOL DISTRICT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — In a joint brief, Carol Brucker and the Pasco School District

jointly assign error to a trial court order granting judgment as a matter of law to the

school district. Although the school district had moved for the order, it concedes that our

Supreme Court's subsequent decision in *Street v. Weyerhaeuser Co.*, 189 Wn.2d 187, 399

P.3d 1156 (2017), makes clear that the basis for decision that it urged and the trial court

accepted was wrong. We reverse the trial court's order and remand for further

proceedings.

FACTS AND PROCEDURAL BACKGROUND

In November 2013, Carol Brucker filed an application with the Department of Labor and Industries for worker's compensation benefits based on exposure to mold during her employment as a teacher with the Pasco School District. The Department denied Ms. Brucker's claim, concluding that her condition was not the result of an industrial injury and was not an occupational disease as contemplated by statute. Ms. Brucker appealed the Department's decision to the Board of Industrial Insurance Appeals.

At the hearing on Ms. Brucker's claim before an industrial appeals judge (IAJ), employees from the school district testified to the presence of mold within the Pasco High School building where Ms. Brucker worked. Ms. Brucker's daughter stated that she observed mold on Ms. Brucker's classroom walls behind the wallpaper. Ms. Brucker's treating physician testified that on a more-probable-than-not basis, her allergic rhinitis and asthma was proximately caused by exposure suffered while engaged in her work at the school district. Her expert witness, a board-certified pulmonologist, testified that he diagnosed Ms. Brucker with chronic asthmatic bronchitis or reactive airway disease that he concluded was secondary to some irritant inhalation related to her classroom occupation.

Two experts called by the school district disagreed, however, and the school district presented evidence that allergy testing indicated that Ms. Brucker was not allergic to any major indoor or outdoor molds.

In his proposed decision and order, the IAJ concluded that Ms. Brucker's medical conditions were not occupational diseases. Ms. Brucker petitioned the Board for review. It denied review and the IAJ's proposed decision and order became that of the Board. Ms. Brucker appealed the Board's decision to the Franklin County Superior Court.

In March 2017, the school district moved for judgment as a matter of law on the basis that Ms. Brucker did not provide sufficient expert medical testimony. In May 2017, the superior court granted the motion, entering a finding that "Ms. Brucker failed to present sufficient expert testimony to support the conclusion that the claimed conditions 'arose naturally' out of her employment." Clerk's Papers at 27. It dismissed her claim. Ms. Brucker appeals.

ANALYSIS

The Industrial Insurance Act, Title 51 RCW, provides "sure and certain relief for workers, injured in their work." RCW 51.04.010. Employees that "'suffer[ ] disability from an occupational disease in the course of employment' are entitled to 'the same compensation benefits' as injured" employees. *Street*, 189 Wn.2d at 193-94 (alteration in original) (quoting RCW 51.32.180).

Occupational disease is defined as a "disease or infection [that] arises *naturally*

and *proximately* out of employment." RCW 51.08.140 (emphasis added). To "arise[ ]

. . . proximately out of employment" requires that the employee's employment conditions

are the "'proximate cause of the disease . . . so that the disease would not have been

contracted but for the condition[s] existing in the . . . employment.'" *Dennis v. Dep't of*

*Labor & Indus.*, 109 Wn.2d 467, 477, 745 P.2d 1295 (1987) (quoting *Simpson Logging*

*Co. v. Dep't of Labor & Indus*., 32 Wn.2d 472, 479, 202 P.2d 448 (1949)). In *Dennis*,

our Supreme Court held that a worker seeking benefits for an occupational disease "must

. . . establish[ ] by competent medical testimony . . . that the disease is probably, as

opposed to possibly, caused by the employment." *Id. Dennis* also elaborated on the

distinct requirement that the disease "arise naturally" out of employment, *id.* at 481, but

did not address whether expert medical testimony was required to prove it. That question

was raised and answered by *Street.* 189 Wn.2d at 195.

In *Street*, our Supreme Court held that to satisfy the "arises naturally" requirement

does not require a worker to present expert medical testimony because it presents an issue

of *general* causation rather than an issue of *medical* causation. *Id* at 195.

> "Arises proximately" means that the employment conditions must be the
> proximate cause of the disease. "Arises naturally" means that the
> conditions of a worker's particular employment are distinctive, i.e.,
> different from, employments in general or activities of daily living. The
> first requirement involves an issue of medical causation, but the second
> requirement pertains to observable job activities.

4

*Id.* at 199 (citations omitted). Whether the condition arises naturally out of employment presents a "nonscientific question" that "can be established by lay testimony without the need for expert medical opinion." *Id.* at 200.

Because the trial court's order granting judgment as a matter of law was based on a mistake of law, we reverse the order and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.